UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
MARY FAKTOR, *et al.* :
: CASE NO. 1:09-cv-511
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 33-1]
LIFESTYLE LIFT, *et al.* :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Mary Faktor and John Newby move this Court to remand their action back to state court. [Docs. 33-1, 33-2, 43.] Defendants Lifestyle Lift, Scientific Image Center Management, Inc., David M. Kent, P.C., Lifestyle Holding, Inc., and David M. Kent, D.O. oppose. [Doc 39-1.]

Plaintiffs say that remand is proper for two reasons. First, in removing this action, Defendants failed to explicitly invoke 28 U.S.C. § 1453(b), the statute allowing removal of class actions, and instead relied on 28 U.S.C. § 1441(b), the statute allowing removal of diversity actions not involving class allegations. Second, after removal, Defendants have argued that Plaintiffs cannot legally bring their claim as a class action and therefore this Court should not allow Defendants to base removal jurisdiction on the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). [Doc. 43.]

Because this Court holds that Defendants' failure to cite § 1453(b) in its notice of removal

-1-

does not render the notice defective, and that Defendants' post-removal arguments do not affect the removal analysis, this Court **DENIES** Plaintiffs' motion to remand.

## I. Standard of Adjudication of a Motion for Remand

While Plaintiffs are technically the moving party in the motion to remand, the "party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989) (citations omitted). Additionally, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Id.* (citations omitted). Although the removal petition is to be strictly construed, § 1446(a) only requires the defendant seeking removal to include in the removal petition "a short plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also* 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3733 (noting that this language was borrowed from Federal Rule of Civil Procedure 8(a) and "the same liberal rules employed in testing the sufficiency of a pleading should apply to appraising the sufficiency of a defendant's notice of removal").

## II. Background Facts and Procedure

On February 3, 2009, Plaintiffs brought this class action against Defendants in state court seeking to represent "all persons who underwent the Lifestyle Lift . . . surgical procedure[] at any of the various Lifestyle Lift centers throughout the United States." [Doc. 1-2, Ex. A at 2.] The Lifestyle Lift procedure ("the procedure") "is an alternative to a traditional facelift." [Doc. 12-2 at 8 n.1.]

Plaintiffs complained that Defendants, in their information materials, falsely stated that the procedure was "minimally invasive, simple, uncomplicated, and relatively painless," and had a "short recovery and recuperation period." [Doc. 1-2, Ex. A at 6.] Plaintiffs say that they relied on these

statements and that these statements "were incorporated into the terms of [their] contracts" with Defendants. Plaintiffs seek to hold Defendants liable for fraudulent misrepresentation and for breach of contract. [Doc. 1-2, Ex. A at 6-7.]

Defendants removed the action to this Court "[p]ursuant to 28 U.S.C. § 1332(d)(2), [CAFA,] . . . and 28 U.S.C. §§ 1441 and 1446." [Doc. 1-1 at 2.] In support of federal jurisdiction, Defendants said that (1) Plaintiffs allege they are residents of the state of Ohio and that several Defendants are corporations organized under the laws of Michigan; (2) Plaintiffs brought this matter as a class action; and (3) the amount in controversy is more than $5 million because the cost of the procedure was $3,750 and the number of putative class members is almost 100,000 individuals. [Doc. 1-1 at 2-3.] Defendants then stated that, "[b]ased on the foregoing, this Court has original jurisdiction to hear this matter pursuant to CAFA." [Doc. 1-1 at 3.]

After Defendants removed, they filed a motion to strike from the Complaint the Plaintiffs' class allegations saying that the Ohio Consumer Sales Practices Act, O.R.C. § 1345.09(B), bars Plaintiffs from bringing their claims as a class action and that the Plaintiffs claims do not meet the requirements of Federal Rule of Civil Procedure 23. [Doc. 28-2.]

Plaintiffs now ask this Court to remand this action to state court because Defendants' removal notice is deficient because they failed to cite to 28 U.S.C. § 1453(b), the statute covering removal of class actions. Plaintiffs also say that, since Defendants relied on CAFA in removal but have moved to strike the class action allegations after removal, "the Court should construe the diametrically inconsistent allegations most strongly against Defendants and should conclude that the Court lacks . . . jurisdiction." [Doc. 43 at 2-5.]

### III. Removal and Remand

Section 1441(b) grants a defendant the ability to remove an action if federal courts have original jurisdiction over the action and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b). Section 1453(b) expands the availability of the removal procedure for putative-class-action defendants: "A class action may be removed to a district court . . . without regard to whether any defendant is a citizen of the State in which the action is brought, [and] such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

Section 1446 governs the procedure for removal based on the authority of both § 1441(b) and § 1453(b) and generally requires that the defendant "file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. 1446(a).

In stating the grounds for removal, the defendant must state the basis for original jurisdiction. Here, Defendants based removal on CAFA, 28 U.S.C. § 1332(d). Under CAFA, a federal court has original jurisdiction over class actions where any member of the class of plaintiffs is a citizen of a state different from any defendant, the putative class has at least 100 members, and the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1332(d)(6).

If a defendant removes an action, and a plaintiff moves for remand, "the district court . . . should assess its subject matter jurisdiction based on the state of the world at the time of removal." *DeWalt v. Purdue Pharma, L.P.*, 397 F.3d 392, 401-402 (6th Cir. 2005) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004)).

Here, this Court notes that Plaintiffs do not say that Defendants have failed to meet any of the CAFA requirements. Instead, Plaintiffs say that the notice of removal is deficient because Defendants

did not specifically cite to § 1453(b). Plaintiffs, however, have not cited to any authority suggesting that a failure to cite this statute in a notice of removal makes the notice defective and warrants remanding the action to state court.

All that § 1446 requires is a "short and plain statement of the grounds for removal" and Defendants have provided all the facts and allegations necessary to support jurisdiction under CAFA. The Defendants notice of removal stated facts and allegations sufficient to support CAFA jurisdiction and put Plaintiffs on notice that they relied on CAFA to support jurisdiction. While it may technically be better practice to specifically cite to § 1453(b) when removing a class action, the Defendants' notice of removal was sufficient.

Additionally, Plaintiffs say that, because Defendants have moved to strike the class allegations, this Court should not allow Defendants to rely on CAFA to support jurisdiction. Plaintiffs continue that, the Court should therefore remand this action because Defendants cannot support jurisdiction under the traditional, strict diversity requirements of § 1332(a)(1). [28 U.S.C. § 1332(a)(1)](). As noted above, this Court judges the propriety of removal on the state of the world at the time of removal. At the time of removal, Plaintiffs' claim satisfied the requirements for CAFA jurisdiction. The Defendants' post-removal arguments do not change the removal analysis.

### IV. Conclusion

For the reasons stated above, this Court **DENIES** Plaintiffs' motion for remand.

IT IS SO ORDERED.

Dated: April 22, 2009          s/ *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE