UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
MARY FAKTOR, *et al.*, :
: CASE NO. 1:09-CV-511
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 31-1.]
LIFESTYLE LIFT, *et al.*, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Mary Faktor and John Newby along with Defendants Lifestyle Life, Scientific Image Center Management, Inc., David M. Kent, P.C., Lifestyle Holding, Inc., and David M Kent, D.O. jointly move this court for a protective order. [Doc. 31-1.] In resolving this joint motion for a protective order, this Court must balance the parties interests in maintaining the confidentiality of certain information and the public's interest in an open access to court proceedings.

Because the public's interest in open access to court proceedings is strong and because the parties have not made the showing required to outweigh this interest, this Court **DENIES** the motion.

**I. Background**

On February 3, 2009, Plaintiffs brought this class action against Defendants in state court seeking to represent "all persons who underwent the Lifestyle Lift . . . surgical procedure[] at any of the various Lifestyle Lift centers throughout the United States." [Doc. 1-2, Ex. A at 2.] The Lifestyle Lift procedure ("the procedure") "is an alternative to a traditional facelift." [Doc. 12-2 at

Case No. 1:09-CV-511
Gwin, J.

8 n.1.]

Plaintiffs complained that Defendants, in their information materials, falsely stated that the procedure was "minimally invasive, simple, uncomplicated, and relatively painless," and had a "short recovery and recuperation period." [Doc. 1-2, Ex. A at 6.] Plaintiffs say that they relied on these statements and that these statements "were incorporated into the terms of [their] contracts" with Defendants. Plaintiffs seek to hold Defendants liable for fraudulent misrepresentation and for breach of contract. [Doc. 1-2, Ex. A at 6-7.]

In their joint motion for a protective order, the parties state that:

> Any party may designate documents as [confidential] upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.

[Doc. 31-2, Ex. A at 2.]

## II. Legal Standard & Analysis

The Federal Rules of Civil Procedure vest a trial court with the authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." upon a showing of good cause. FED. R. CIV. P. 26(c). A trial court can, in its sound discretion, grant a motion for a protective order. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

In deciding whether to grant a protective order, a district court must balance the parties' competing interests and compare the hardships of granting or denying the request. *York v. Am. Med. Sys., Inc.,* No. 97-4306, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998). The movant bears the burden of demonstrating that the balancing of hardships weighs in his favor. *Nix v. Sword*, 11 Fed.

Case No. 1:09-CV-511
Gwin, J.

Appx 498, 500 (6th Cir. 2001).

When deciding whether to grant a protective order, a district court must also remain aware that its discretion to issue protective orders is "limited by the careful dictates of [Federal Rule of Civil Procedure] 26 and 'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble*, 78 F.3d at 227 (citing *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Brown & Williamson.* 710 F.2d at 1179. For this reason, a presumption in favor of public access to judicial records exists. *See, e.g. In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

Even if the parties agree to the terms of a protective order, the district court should not permit them "to adjudicate their own case based upon their own self-interest. This is a violation not only of Rule 26(c) but of the principles discussed in *Brown & Williamson.*" *Procter & Gamble*, 78 F.3d at 227. The district court "cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public. It certainly should not turn this function over to the parties . . . ." *Id.*; *see also Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

To prevail on a request to seal information in a court's records, the movant must therefore make a specific showing that disclosure of the information would result in serious competitive or financial harm. *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001).; *see also Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991); *Fed. Trade Comm'n v. Standard Mgt. Corp.*, 830 F.2d 404, 412(1st Cir. 1987); *Brown &*

-3-

Case No. 1:09-CV-511
Gwin, J.

*Williamson*, 710 F.2d at 1180. The Court has adopted this requirement and therefore demands that the movant for a protective order show substantial personal or financial harm before the Court will seal any documents.

This Court operates as a public forum, not as a private dispute resolution service, *United States v. Ford*, 830 F.2d 596, 599 (6th Cir. 1987), that, in deciding whether to allow civil litigants to file records under seal, must consider "the rights of the public, an absent third party" to which the Court ultimately is accountable, *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985).

The proposed protective order is too generalized and unspecific. The parties have not shown how the public dissemination of the allegedly confidential information would cause the parties (or other entities or persons) substantial and improper personal or financial harm.

Before infringing on the public's right to an open court system, this Court requires more than an agreement between the parties. The parties must make a specific showing that certain documents, or in rare cases, certain categories of documents are properly shielded from public view. While some of the documents that the parties intended their proposed order to cover should be kept confidential, the parties have failed to carry their burden in the instant motion. *See Tinman*, 176 F. Supp. 2d at 745.

Of course, the Court does not bar the parties from freely entering into private confidentiality agreements with respect to disclosure of documents and information. Nor does the Court intend to prevent the Parties from moving to seal an individual document in the file, provided they make the required particularized showing.

Case No. 1:09-CV-511
Gwin, J.

### III. Conclusion

For the abovementioned reasons, the Court **DENIES** the parties' motion for a protective order. [Doc. 31-1.]

IT IS SO ORDERED.

Dated: May 20, 2009            s/ *James S. Gwin*
                                                                JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE