UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
MARY FAKTOR, *et al.* :
: CASE NO. 1:09-cv-511
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 28]
LIFESTYLE LIFT, *et al.* :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Lifestyle Lift, Scientific Image Center Management, Inc., David M. Kent, P.C., Lifestyle Holding, Inc., and David M. Kent, D.O. move to strike class allegations pursuant to Federal Rule of Civil Procedure 23(d)(1)(D). [Docs. 28-1, 28-2.] In moving to strike, Defendants say that (1) the Ohio Consumer Sales Practice Act ("CSPA") bars Plaintiffs Mary Faktor and John Newby from bringing their claims as a class action and that (2) Plaintiffs' claims do not meet the prerequisites to class actions contained in Federal Rule of Civil Procedure 23(a). Plaintiffs respond that the motion to strike class allegations before the filing of a motion for class certification is premature, and, alternatively, that the motion to strike should be denied because the factual allegations of the Complaint satisfy the requirements of Rule 23(a) and that the CSPA is not an exclusive remedy for consumers of the Plaintiffs' class.

In resolving this motion, this Court must decide whether Rule 23(d)(1)(D), which allows a

Case No. 1:09-CV-551
Gwin, J.

court to "require that the pleadings be amended to eliminate allegations about representation," FED. R. CIV. P. 23(d)(1)(D), should be used to strike class allegations before the Court has ruled on class certification. [Doc. 28-2 at 10.]

Because this Court has not yet adjudicated class certification, this motion is premature. Accordingly, this Court **DENIES** Defendants' motion to strike.

### I. Background Facts and Procedure

The Plaintiffs are two individuals who underwent the Lifestyle Lift procedure ("the procedure"). This procedure "is an alternative to a traditional facelift." [Doc. 12-2 at 8 n.1.]

Plaintiffs complained that Defendants, in their information materials, falsely stated that the procedure was "minimally invasive, simple, uncomplicated, and relatively painless," and had a "short recovery and recuperation period." [Doc. 1-2, Ex. A at 6.] Plaintiffs say that they relied on these statements and that these statements "were incorporated into the terms of [their] contracts" with Defendants. Plaintiffs seek to hold Defendants liable for fraudulent misrepresentation and for breach of contract. [Doc. 1-2, Ex. A at 6-7.]

In their Complaint, Plaintiffs seek to represent a class of individuals "who underwent the Lifestyle Lift and/or related surgical procedures at any of the various Lifestyle Lift centers throughout the United States, and the communities comprised of them and their spouses." [Doc. 1-2, Ex. A at 3.]

Defendants have moved to strike these class allegations under Rule 23(d)(1)(D) saying that the CSPA bars the Plaintiffs' claims and that the Plaintiffs have not alleged sufficient facts to support a class action. [Docs. 28-2, 48-1.]

### II. Rule 23(d)(1)(D)

Case No. 1:09-CV-551
Gwin, J.

Rule 23(d)(1)(D), allows a court to "purge class allegations from the[] pleadings." 5-23 MOORE'S FEDERAL PRACTICE - CIVIL § 23.145. "A Rule 23(d)(1)(D) order to strike class allegations is appropriate only after the court rules that class treatment is improper–such as after the court denies class certification." *Id.*

Rule 23(d)(1)(D) is "procedurally inseparable from subdivision (c)(1)(A), which provides that 'when a person sues or is sued as a representative of a class, the court must–at an early practicable time–determine by order whether to certify the action as a class.'" 7B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1795. An order under Rule 23(d)(1)(D) is used after the class determination under Rule (c)(1)(A). *See Id.*; *see, e.g.*, *Korman v. Walking Co.*, 503 F. Supp. 2d 755, 762-63 (E.D. Penn. 2007); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715, 2006 WL 3422198, at *3 (N.D. Cal. Nov. 28, 2006).[1]

Although Defendants say that "numerous" courts have approved the use of Rule 23(d)(1)(D) to strike class allegations from the pleadings, their cited cases are not controlling precedent, and, in any case, distinguishable. For example, Defendants cite *Clark v. McDonald's Corp.*, which observed in a footnote that "[a] defendant may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." 213 F.R.D. 198, 205 (D.N.J. 2003). In *Clark*, however, the court noted that its early consideration of class certification was motivated by the need to decide an intertwined challenge to standing. *Id.* at 204-05.

---

[1] *But see*, *Rahman v. Smith & Wollensky Rest. Group, Inc.*, 2008 U.S. Dist. LEXIS 2932 at *11-12 (S.D.N.Y. Jan. 16, 2008) (allowing motion to strike under Rule 23(d)(1)(D) when supported by reasons unrelated to the Rule 23(a) considerations). Although some courts have allowed Rule 23(d)(1)(D) to strike class allegations, another federal rule already covers the striking of pleadings. *See* FED. R. CIV. P. 12(f) (allowing the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter).

Case No. 1:09-CV-551
Gwin, J.

The Defendants' arguments on class certification are premature. Although the Defendants removed this case to federal court on April 6, 2009, the parties are not scheduled for their first case management conference until June 26, 2009. [Doc. 38.] This Court will not determine class certification at this early stage. Before ruling on class certification this Court must conduct a "'rigorous analysis.'" *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1078-79 (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)). A motion to strike class allegations is not a substitute for class determination and should not be used in the same way. This Court will adjudicate the Defendants' arguments on Rule 23(a) and the Ohio CSPA at the class certification stage.

### III. Conclusion

Because the Defendants' motion is premature, this Court **DENIES** the Defendants' motion to strike the Plaintiffs' class allegations.

IT IS SO ORDERED.

Dated: June, 2009                               s/    *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED   STATES   DISTRICT   JUDGE