UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                  :
MARY FAKTOR, *et al.*                             :
                                                  :    CASE NO. 1:09-cv-511
        Plaintiffs,                            :
                                                  :
vs.                                               :    OPINION & ORDER
                                                  :    [Resolving Doc. No. 12-1]
LIFESTYLE LIFT, *et al.*                          :
                                                  :
        Defendants.                            :
                                                  :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Defendants Lifestyle Lift, Scientific Image Center Management, Inc., David M. Kent, P.C., Lifestyle Holding, Inc., and David M. Kent, D.O. move this Court to dismiss Plaintiffs Mary Factor and John Newby's (collectively, the "Plaintiffs") claims. [Doc. 12-1.] Plaintiffs seek to represent a class of individuals that underwent the Lifestyle Lift procedure and say that (1) Defendants fraudulently misrepresented that the procedure was "a minimally invasive, simple, uncomplicated and relatively painless . . . procedure with a short recovery and recuperation period," and (2) Defendants breached a contract to provide a procedure fitting that description. [Doc. 1-2, Ex. A at 6.]

      In moving to dismiss, Defendants say generally that the Plaintiffs have not sufficiently pleaded their fraud or breach of contract claims and specifically that Plaintiffs have not alleged any claims against several Defendants. Alternatively, even assuming that the Complaint is factually sufficient, Defendants also say Plaintiffs claims are legally deficient because of Ohio's codification

Case No. 1:09-cv-511
Gwin, J.

of the statute of frauds, O.R.C. § 1335.05. [Doc. 12-2.]

In resolving this motion this Court must decide whether Plaintiffs' Complaint "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). Although sparse, Plaintiffs' Complaint contains sufficient factual material to put Defendants on notice of their breach of contract claim, but does not plead with sufficient particularity the fraud claim. Accordingly, this Court **PARTIALLY GRANTS** and **PARTIALLY DENIES** Defendants' motion to dismiss.

This Court will first address the standard of adjudication for the Rule 12(b)(6) motion and then the analyze Plaintiffs' Complaint under this standard.

## I. Standards of Adjudication

In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's legal conclusions as true. *Iqbal*, 129 S. Ct. at 1949. Because the Complaint alleges a breach of contract and fraud, adjudication of this motion to dismiss involves the pleading standards of both Rule 8 and Rule 9.

*I.A.   Rule 8*

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1949 (citations removed). Rule 8 does not require "detailed factual allegations, but it requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations and internal quotations

-2-

Case No. 1:09-cv-511
Gwin, J.

omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). The plausibility requirement is not a "probability requirement" but requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.* The Supreme Court has explained the line between possible and plausible: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citations and internal quotations omitted).

*I.B.   Rule 9*

In contrast to the liberal pleading standard in Rule 8, Federal Rule of Civil Procedure 9 requires a plaintiff to plead "with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To meet the particularity requirement of Rule 9(b), a plaintiff who brings a fraud claim must generally "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Marlar v. BWXT Y-12 L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008) (quoting *United States ex rel.Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003)). The complaint must "alert the defendants 'to the precise misconduct with which they are charged'" to protect them "'against spurious charges of immoral and fraudulent behavior.'" *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *United States ex rel. Clausen v. Lab. Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002)).

The plaintiff may make allegations of fraud based upon information and belief, but such complaints "must set forth a factual basis for such belief." *Sanderson*, 447 F.3d at 878 (quoting

Case No. 1:09-cv-511
Gwin, J.

*United States ex. rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Courts must, however, read Rule 9(b) in conjunction with Federal Rule of Civil Procedure 8. *United States ex rel. Bledsoe v. Cmty Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007). Rule 8 is commonly understood to encourage "notice pleading" as opposed to creating technical requirements which would prevent the court from reaching the merits of a claim. *Id*. "When read against the backdrop of Rule 8, it is clear that the purpose of Rule 9 is not to reintroduce formalities to pleading, but is instead to provide defendants with a more specific form of notice as to the particulars of their alleged misconduct." *Id*.

## II. Background Facts and Procedure

The Plaintiffs are two individuals who underwent the Lifestyle Lift procedure. The Lifestyle Lift procedure is an alternative to a traditional facelift. [Doc. 12-2 at 8.] On February 3, 2009, the Plaintiffs brought this class action against the Defendants in state court seeking to represent "all persons who underwent the Lifestyle Lift . . . surgical procedure[] at any of the various Lifestyle Lift centers throughout the United States." [Doc. 1-2, Ex. A at 2.][1]

Generally, Plaintiffs complained that Defendants, in their information materials, falsely stated that the procedure was "minimally invasive, simple, uncomplicated, and relatively painless," and had a "short recovery and recuperation period." [Doc. 1-2, Ex. A at 6.] Plaintiffs say that they relied on these statements and that these statements "were incorporated into the terms of [their] contracts" with Defendants. Plaintiffs seek to hold Defendants liable for breach of these contracts and for

---

[1] After removing the case to this Court, Defendants filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to strike class allegations pursuant to Federal Rule of Civil Procedure 23(d)(1)(D). [Docs. 12-1, 28-1.] Plaintiffs then filed a motion to remand the action back to state court. [Doc. 33-1.] This Court denied the Plaintiffs' motion to remand and the Defendants' motion to strike class allegations. [Docs. 46, 50.]

-4-

Case No. 1:09-cv-511
Gwin, J.

fraudulent misrepresentation. [Doc. 1-2, Ex. A at 6-7.]

### III. Analysis

Because both Plaintiffs and Defendants have attached materials extrinsic to the Complaint to their briefs on the motion to dismiss, this Court will first decide whether those materials should be considered part of the pleadings. The Court will then decide whether the Plaintiffs have sufficiently pleaded their contract and fraud claims.

A district court must generally confine its review to the matters in the pleadings. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In certain circumstances, such as when a written contract is attached to a complaint, however, a court can consider matters outside of the pleadings. FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Here, Defendants attached to their motion to dismiss what they say are the informed consents signed by both Plaintiffs. [Docs. 12-3, 12-4.] Additionally, the Plaintiffs attached their individual affidavits to their brief in response to the motion to dismiss. [Docs. 44-2, 44-3.]

"Where the plaintiff 'fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.'" *Thomas v. Publishers Clearing House, Inc.*, 29 Fed.Appx. 319, 322 (6th Cir. 2002) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1327). The document must be referred to in the complaint and be central to the plaintiff's claims. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (citing 11 JAMES WM. MOORE ET AL., MOORE'S

Case No. 1:09-cv-511
Gwin, J.

FEDERAL PRACTICE § 56.30[4] (3d ed.1998)); *see also* Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997). "[A] reference in the pleading to any attached exhibit must be clear and explicit in order to identify the instrument properly." 5A WRIGHT & MILLER § 1327.

These Plaintiffs' affidavits are matters outside of the Complaint and have not been incorporated by reference. Accordingly, this Court will not consider them in adjudication of Defendants' motion to dismiss.

In moving to dismiss, Defendants attached the informed consent agreements of Plaintiff Mary Faktor and Plaintiff John Newby. Defendants say that Plaintiffs' reference to written contracts in the Complaint "can only be attributed to the Informed Consent agreements." [Doc. 12-1 at 11 n.7.] In the Complaint, Plaintiffs say:

> The relationship between Plaintiffs and Defendants is contractual in nature. Each Class member entered into a contract with Lifestyle Lift to receive a minimally invasive, simple, uncomplicated and relatively painless Lifestyle Lift procedure with a short recovery and recuperation period. The promises and representations referred to above were incorporated into the terms of the Class members' contracts with Lifestyle Lift. Thus, by virtue of its written contracts with its patients, Lifestyle Lift was contractually obligated to provide surgical procedures consistent with the foregoing promises and representations. To the extent such contractual obligations may not be specifically stated in the written contracts, such contractual terms are implied by the promises and representations set forth in the written materials and videotaped information provided to the Class members.

[Doc. 1-2, Ex. A at 6-7.]

Nothing in the Complaint, however, compels Defendants' conclusion that the Plaintiffs are referring to the informed consent forms. The Complaint refers to representations about the procedure and suggests that a contract was formed in the promises in the written materials and video information. Although Defendants have stated that the reference to written contracts "can only be attributed to the Informed Consent agreements," the Defendants have provided no reasons why this

-6-

Case No. 1:09-cv-511
Gwin, J.

is so. Therefore, this Court will not consider the informed consents as part of the pleadings.

This Court declines to convert this motion to dismiss into a motion for summary judgment and will accordingly confine the analysis below to the Plaintiffs' Complaint. *See* Fed. R. Civ. P. 12(h).

### IV. Breach of Contract Claim

Under Ohio law, "[t]o recover upon a breach-of-contract claim, a plaintiff must prove 'the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'" *Jarupan v. Hanna*, 878 N.E.2d 66, 73 (Ohio Ct. App. 2007) (quoting *Powell v. Grant Med. Ctr.*, 771 N.E.2d 874, 881 (Ohio Ct. App. 2002)). In Ohio, "a contract requires (1) an offer and acceptance (i.e., a meeting of the minds); (2) on a lawful subject matter; and (3) sufficient consideration" in order to be enforceable. *See Shafer v. P.S.I. Paper Sys., Inc.,* 61 Fed. Appx. 949, 952 (6th Cir. 2003) (citing *Carlisle v. T & R Excavating, Inc.,* 704 N.E.2d 39, 43 (Ohio Ct. App. 1997)).

In moving to dismiss the Plaintiffs' breach of contract claim, Defendants challenge the factual sufficiency of the Plaintiffs' Complaint and raise several legal defenses.

*IV.A. Contract Claim Pleading Sufficiency*

In challenging the factual sufficiency of the Plaintiffs Complaint, the Defendants say that this Court should dismiss because (1) Plaintiffs fail to establish the terms of any alleged contract, and (2) Plaintiffs fail to allege any facts to show privity of contract with several of the Defendants. [Doc. 12-2 at 20, 22-23.]

*IV.A.1. Terms of the Contract*

Defendants say that Plaintiffs' Complaint only "recite[s] the elements of a breach of contract

Case No. 1:09-cv-511
Gwin, J.

claim [but] fail[s] to set forth sufficient facts to establish an enforceable contract with the purported terms which they [contend] Defendants breached." [Doc. 12-2 at 20.]

Plaintiffs have alleged a contract where Defendants promised that the "'normal' recovery time [wa]s 'a few days,'" and that the "Lifestyle Lift procedure is . . . quicker than a traditional procedure." [Doc. 1-2, Ex. A at 5.] Plaintiffs' claim are more specific than an "unadorned[] defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Plaintiffs quote multiple representations that they say were incorporated into their contracts with the Defendants and say that Defendants breached the promises in those statements. This is a sufficient factual pleading under Rule 8.

*IV.A.2. Privity*

Defendants say that the Plaintiffs have failed to state a breach of contract claim against Defendants David Kent, D.O., SICM, David M. Kent P.S. and Lifestyle Lift Holding, Inc. because there is no privity of contract between these parties and the Plaintiffs. [Doc. 12-1 at 22-29.] A breach of contract claim requires privity of contract. Absent a contract between two parties, one cannot be liable to the other for breach. *Complete Gen. Constr. Co. v. Kard Welding, Inc.*, No. 08AP-556, 2009 WL 1067508 at *4 (Ohio Ct. App. 2009).

Plaintiffs state in the Complaint that the Defendants are jointly and severally liable. [Doc. 1-1 at 7.] This legal conclusion is supported by the Complaint's factual allegation that "Defendants" informed each class member that the Lifestyle Lift procedure had characteristics that reduced pain, risk of complications, and time of recovery. [*Id.* at 5.] Thus, the Complaint alleges that all Defendants were responsible for the representations to the class members. Further, the Complaint alleges that the Plaintiffs underwent the Lifestyle Lift procedure because of these promises. [*Id.* at

Case No. 1:09-cv-511
Gwin, J.

6.] Accepting these facts as true, the Complaint is sufficient to survive this motion to dismiss.

*IV.B.  Contract Claim Legal Defenses*

Defendants raise two legal defenses to Plaintiffs' breach of contract claim: (1) the statements that Plaintiffs rely on are advertisement and therefore cannot form the basis of a contract, and (2) Ohio's codification of the statute of frauds, O.R.C. §1335.05, bars Plaintiffs' contract claim. [Doc. 12-2 at 16-18, 21.]

*IV.B.1.    Advertisement as Contract*

Defendants say that advertisements are not binding offers. [Doc. 12-1 at 16.] Generally, under Ohio law, an advertisement is not an offer. *Zaugg v. Toledo Fiberglas Fed. Credit Union*, No. L-87-357, 1988 WL 114376 (Ohio Ct. App. 1988).

Ohio courts have, however, allowed an exception to this general rule when a physician guarantees satisfaction with the results of a procedure through advertising. *See Heffner v. Reynolds*, 777 N.E.2d 312 (Ohio Ct. App. 2002); *Lovely v. Percy*, 826 N.E.2d 909 (Ohio Ct. App. 2005). In *Heffner*, the defendant physician distributed materials that stated in various ways that satisfaction with the procedure was guaranteed. 777 N.E.2d at 313. The plaintiffs also alleged that the physician made the guarantees orally. *Id*. The court held that the guarantees had created an agreement, separate from the physician's agreement to perform medical services, that the plaintiff would be satisfied with the results. *Id.* at 315. In *Lovely*, the court found a similar separate agreement was created by a physician's promise that the plaintiff would be a of a specific bra size after her breast-augmentation surgery. 826 N.E.2d at 912-13.

As noted above, Plaintiffs have alleged several specific promises that Defendants made similar to the promises on bra size made in *Lovely*. *See id.* Again, Plaintiffs have alleged that

Case No. 1:09-cv-511
Gwin, J.

Defendants promised that the "'normal' recovery time is 'a few days,'" and that the "Lifestyle Lift procedure is . . . quicker than a traditional procedure." [Doc. 1-2, Ex. A at 5.] Thus, while the Complaint does not allege a general guarantee of satisfaction, it does allege that the Defendants made specific promises and representations regarding the nature and result of the procedure as in *Lovely*. These allegations are sufficient to state a claim for a satisfaction contract under *Lovely*.

### IV.B.2.   Statute of Frauds

Relying on dicta in *Lovely*, Defendants also say that Plaintiffs' claims are barred by Ohio's codification of the statute of frauds.[2] O.R.C. § 1335.05. In the relevant part, section 1335.05 states that "[n]o action shall be brought to charge a person licensed . . . to practice medicine . . . upon any promise or agreement relating to a medical prognosis unless the promise or agreement is in writing and signed by the party to be charged therewith." O.R.C. § 1335.05.

In *Lovely*, after affirming the lower court's decision, the court noted that "[a]lthough not raised by either party, O.R.C. § 1335.05, . . . does make available to physicians a legal defense against claims of oral promises concerning outcomes should a physician desire to avail himself or herself of the defense." *Lovely*, 826 N.E.2d at 913.

This dicta notwithstanding, Plaintiffs have alleged that "by virtue of its *written contracts* with its patients, Lifestyle Lift was contractually obligated to provide surgical procedures consistent with the foregoing promises and representations." [Doc. 1-2, Ex. A at 6-7 (emphasis added).] This allegation is sufficient at this stage of the case.

The Plaintiffs have pleaded sufficient facts on the breach of contract claim to survive the

---

[2] Defendants also say that the parol evidence rule defeats Plaintiffs' claims because the alleged oral representations contradict the informed consent forms. [Doc. 12-2 at 21.] This Court will not consider this argument because, as noted above, it will not consider the attached informed consent forms in this motion to dismiss.

-10-

Case No. 1:09-cv-511
Gwin, J.

motion to dismiss, and, assuming that these facts are true, the Defendants have not shown that Plaintiffs have failed to state a claim on which relief could be granted.

### V. Fraud

Defendants say that the Court should dismiss Plaintiffs' fraudulent misrepresentation claims because the Plaintiffs have failed to plead fraud with particularity and Plaintiffs could not have reasonably relied upon the alleged misrepresentations. [Doc. 12-1 at 24-25.] Defendants further argue that the Plaintiffs fail to allege facts sufficient to "pierce the corporate veil" in order to hold Dr. Kent, D.O. personally responsible and that SICM, David M. Kent, P.C. and Lifestyle Holding, Inc. cannot be held liable for breach of contract or fraudulent misrepresentation because a parent corporation is generally not liable for the actions of its subsidiary. [Id. at 25-27.]

Defendants say that Plaintiffs have failed to plead fraud with particularity because they have not identified which Defendant made the misrepresentations and do not indicate when or where they were made. [Doc. 12-1 at 25.]

The Complaint alleges the content of the fraudulent misrepresentations with the required particularity. The Complaint offers quotations from written materials and videos which represent the Lifestyle Lift as a minor procedure with a short recovery and few complications. [Doc. 1-1 at 5.]

But, in saying that they have pleaded the fraud claim with sufficient particularity, Plaintiffs rely almost entirely on the attached affidavits. [Doc. 44-1 at 8.] As noted above, this Court declines to convert this into a motion to dismiss, and will therefore not consider these affidavits. The evidence contained in the affidavits is not incorporated in the complaint and is, therefore, not considered with regard this Rule 12(b)(6) motion.

-11-

Case No. 1:09-cv-511
Gwin, J.

The named Plaintiffs must at least provide details of the time and place they encountered fraudulent statements by the Defendants. The Plaintiffs' failure to plead fraud with particularity as required by 9(b) requires dismissal of the fraudulent misrepresentation claims. The Court dismisses these claims with leave to amend in consideration of Federal Rule of Civil Procedure 15(a)(2) which states that leave to amend the complaint should be freely given.

### VI. Conclusion

For the reasons stated above, the Court **DENIES** Defendants' motion to dismiss Plaintiffs' breach of contract claims and **GRANTS** Defendants' motion to dismiss Plaintiffs' fraudulent misrepresentation claims with leave to amend the Complaint.

Dated: July 22, 2009          *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE