UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
MARY FAKTOR, :
: CASE NO. 1:09-cv-511
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 99]
LIFESTYLE LIFT, *et al.,* :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this breach of contract and fraud case, Defendants David Kent, D.O., David Kent P.C., Lifestyle Lift Holdings, Inc., Lifestyle Lift (Cleveland Surgical Associates), and Scientific Image Center Management, Inc., move this Court to transfer the case to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a). [Doc. 99.]

Although the Defendants removed the case to this Court on March 6, 2009, they say that Plaintiff Mary Faktor has since shifted the focus of her factual and legal allegations to persons and events in Michigan. [Doc. 99-1 at 5.] Responding, the Plaintiff says that nothing about the case has changed since the Defendants originally removed it and that transfer would lead to delay, confusion, and prejudice. [Doc. 123 at 1.]

For the following reasons, this Court **DENIES** the Defendants' motion to transfer venue.

**I. Background & Procedural History**

-1-

Case No. 1:09-cv-511
Gwin, J.

Plaintiff Mary Faktor, a resident of Peninsula, Ohio, brings this putative class action complaint against the Defendants, individuals and entities associated with the "Lifestyle Lift" procedure. The Lifestyle Lift is advertised as an alternative to a traditional facelift. Plaintiff Faktor had a Lifestyle Lift in January 2008. She claims displeasure with what she termed the "horrible" experience of undergoing the procedure. She also complains the recuperative period associated with the procedure was much more involved than represented. With her complaint, Plaintiff Faktor says that the Defendants fraudulently misrepresented the nature of the Lifestyle Lift and breached their contract to provide a minimally-invasive, simple, and relatively painless procedure.

In her Amended Complaint, Plaintiff Faktor says that the Defendants have perpetrated a "massive consumer fraud" on her and thousands of other Lifestyle Lift patients. [Doc. 83 at ¶1.] Essentially, the Plaintiff says that the Defendants' advertising materials and other representations lead prospective patients to believe the procedure is simple, relatively painless, and marked by quick recovery. [Doc. 83 at ¶¶22-27.] Although the Plaintiff acknowledges that both the surgeon performing the Lifestyle Lift and the informed consent documents discuss the risks of the procedure, she says the marketing materials and other representations are "so powerful and misleading that any reasonable person does not actually listen to what the Lifestyle Lift surgeon may subsequently tell him or her." [Doc. 83 at ¶27.]

Plaintiff Faktor's contact with the Defendants began in 2007, when she learned of the Lifestyle Lift procedure through infomercials. After viewing several advertisements and meeting with a Lifestyle Lift consultant, the Plaintiff met with Dr. Michael Papsidero at Defendant Cleveland

Case No. 1:09-cv-511
Gwin, J.

Surgical Associates[1] in Independence, Ohio, to discuss the procedure. [Doc. 83 at ¶¶ 28-30.] Ultimately, the Plaintiff scheduled a Lifestyle Lift with Dr. Papsidero, which she underwent on January 6, 2008. [Doc. 83 at ¶28.] Faktor says that during the procedure—which is performed under local anesthesia only—she realized for the first time that "she was undergoing a full-blown facelift operation." [Doc. 83 at ¶35.] Thus, the Plaintiff says the experience was a "horrible one," leaving her in severe pain and unable to resume her career as a professional actress for nearly sixth months. [Doc. 83 at ¶35.]

Accordingly, in February 2009, Plaintiff Faktor brought the instant lawsuit against the Defendants in the Cuyahoga County Court of Common Pleas. [Doc. 1-1.] Specifically, the Plaintiff sued Cleveland Surgical Associates, a cosmetic surgery center in Independence, Ohio; Scientific Image Center Management, Inc., a Michigan corporation; Lifestyle Lift Holdings, Inc., a Michigan corporation; and David M. Kent, P.C., a Michigan professional corporation. [Doc. 83 at ¶¶6-10.] In addition, the Plaintiff sued Dr. David Kent, the founder and shareholder of the above corporations. [Doc. 83 at ¶9.] Dr. Kent also resides in Michigan. [Id.]

On March 6, 2009, the Defendants removed the case to this Court. [Doc. 1.] On November 9, 2009, the Defendants filed the instant motion to transfer venue.[2] [Doc. 99.] The Plaintiff opposed the motion to transfer. [Doc. 123.] As the Defendants filed their reply December 3, 2009, [Doc. 131], the motion is ripe for ruling.

---

[1] In the Amended Complaint, the Plaintiff refers to this entity as "Lifestyle Lift." [Doc. 83 at ¶6.] To avoid confusion, the Court uses the term "Lifestyle Lift" to refer to the surgical procedure.

[2] Defendants have filed a number of other challenges, including motions for summary judgment, [Doc. 89 & 92.],

Case No. 1:09-cv-511
Gwin, J.

## II. Legal Standard

Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

When ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court considers "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). But, "[I]f venue is proper, a plaintiff's choice of forum is given substantial weight," unless convenience and the interests of justice "strongly favor transfer." 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3801 (West 2009).

Typically, when more than one forum would be an appropriate venue for trial, some inconvenience to one or more parties will exist no matter which forum is chosen. Consequently, if a change of venue serves merely to shift the inconvenience from the defendant to the plaintiff, a change of venue is improper. *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964). Consistent with that principle, a generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to merit transfer. *Hartford Accident & Indem. Co. v. Dalgarno Transp., Inc.*, 618 F. Supp 1450 (S.D. Miss.1985).

Rather, the defendant must show some hardship involved in transporting documents to the plaintiff's chosen district, *see AMF, Inc. v. Computer Automation, Inc.*, 532 F. Supp. 1335 (S.D. Ohio 1982), and must also show that witnesses are unwilling to attend or would be severely

-4-

Case No. 1:09-cv-511
Gwin, J.

inconvenienced by a trial in that forum. *See Gdovin v. Catawba Rental Co., Inc.*, 596 F. Supp. 1325, 1327 (N.D. Ohio 1984) ("The moving party must once again do more than merely assert the appropriateness or value of a different forum for witnesses.") (citing *Weltman v. Fletcher*, 431 F. Supp. 448, 451 n. 3 (N.D. Ohio 1976)).

### III. Analysis

At the outset the parties do not dispute that venue would be proper in both the Northern District of Ohio and the Eastern District of Michigan. Instead, the focus of their argument is whether the § 1404(a) factors counsel in favor of transferring this case. Accordingly, this Court considers each factor in turn.

*A. Plaintiff's Choice of Forum*

The parties place varying importance on the initial choice of forum in this case. Although the Plaintiff says that her decision to bring this action in Ohio deserves great deference, [Doc. 123 at 3], the Defendants say that *they* in fact chose the forum by removing the case to this Court. [Doc. 99-1 at 7.]

Initially, the plaintiff's choice of forum is not exclusively determinative but is instead merely one of the relevant factors in the § 1404(a) analysis. *Int'l Union, U.A.W. v. Aluminum Co. of America*, 875 F. Supp. 430, 433 (N.D. Ohio 1995). Moreover, when the plaintiff seeks to certify a broad, nationwide class, "the deference usually accorded to the plaintiff's choice of venue is less important." *Int'l Car Show Ass'n v. Am. Soc. Of Composers, Authors & Publishers*, 806 F. Supp. 1308, 1312 (E.D. Mich. 1992); *see also Donia v. Sears Holding. Corp.*, No. 1:07-cv-2627, 2008 WL 2323533 at *4 (N.D. Ohio, May 30, 2008) ("[T]he importance of the plaintiff's choice of forum is nonetheless diminished where the plaintiff has intentionally broadened the geographic scope of the

Case No. 1:09-cv-511
Gwin, J.

action by seeking to certify a class.").

In this case, although the Plaintiff originally filed her claim in Cuyahoga County, Ohio, she nevertheless seeks to certify a nationwide class of over 100,000 people. Accordingly, this Court finds the choice of forum factor weighs against transfer but is less important because this is a case where class certification is being sought.

*B. Convenience of the Parties & Witnesses*

In support of their motion to transfer, the Defendants note that four of the five named Defendants in this action are located in Michigan. [Doc. 99-1 at 8.] In addition, although Cleveland Surgical Associates is located in Ohio, Michigan-resident Dr. Kent is the sole shareholder of the company. [*Id*.] Moreover, the Defendants say that nearly all factual discovery must be conducted outside of Ohio because the Defendants' call center is located in Michigan, Lifestyle Lift consultants are trained in Michigan, and the Defendants' advertisements and promotional materials are retained in the corporate offices in Michigan. [Doc. 99-1 at 9.]

Responding, the Plaintiff says that transfer is inappropriate when it would merely shift the balance of convenience to the other party. [Doc. 123 at 4.] Thus, because she is a resident of Peninsula in northeastern Ohio, transferring the case to Michigan would substantially inconvenience her. Moreover, she says the Defendants have failed to identify the relevant evidence, witnesses, and testimony with enough specificity to permit this Court to weigh these convenience factors properly. [Doc. 123 at 5-6.]

In this case, the Court finds that the convenience of the parties and witnesses only slightly favors transfer to Michigan. As a matter of sheer volume, most of the relevant documentary evidence and witnesses are located in the proposed transferee district. Thus, requiring the Defendants to try

Case No. 1:09-cv-511
Gwin, J.

the case in Ohio does present some inconvenience.

However, the convenience factor is not merely a numbers game. *See ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547-548 (S.D.N.Y. 2008) ("[A] court does not merely tally the number of witnesses . . . Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide."); *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004); 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3851 (3d ed. & Supp. 2009) ("The courts also have been careful not to let a motion for transfer become 'a battle of numbers.'").

Here, the Defendants do not discuss the significance or materiality of the witnesses residing in Michigan in great detail . Even if they did, however, the Defendants do not subsequently show any severe inconvenience or undue hardship in securing these witnesses' attendance at trial or in transporting the relevant evidence to trial. *See Kroger Co. v. Merrill*, No. 1:09-CV-722, 2009 WL 2059776, at *3 (N.D. Ohio July 9, 2009) ("While the Defendants themselves may not be located in Ohio, and their witnesses and documents may not be in Ohio, that is insufficient to merit transfer.").

Therefore, the convenience of the parties and witnesses favors transfer only slightly, if at all.

*C. Interests of Justice*

Finally, the Defendants say that the interests of justice support transfer because the operative facts giving rise to the claims occurred in Michigan and because the Plaintiff seeks to apply Michigan law. [Doc. 99-1 at 10-12.] The Plaintiff responds that any choice of law question does not bear on the interests of justice analysis. [Doc. 123 at 6-7.]

The Court finds that this factor strongly disfavors transferring the case. Although this Court has recognized that the public has an interest in having a court familiar with governing state law

Case No. 1:09-cv-511
Gwin, J.

adjudicate diversity suits, *Am. Greetings Corp. v. Cookie Jar Entm't, Inc.*, No. 1:09-CV-1056, 2009 WL 3713686, at *8 (N.D. Ohio, Nov. 3, 2009) (citing *In re Peregoy*, 885 F.2d 349, 352 (6th Cir. 1989)), this factor is not determinative.  Moreover, this Court has not yet determined that Michigan law in fact controls the disposition of this case.  Even if it did, however, the Court is not so unfamiliar with the basic principles of contract and fraud claims that it would be burdened by applying Michigan's law on the subjects.  Cf. *Citibank, N. Am. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172, 178 (E.D.N.Y 2003) ("In addition, New York contract law is not overly complex so as to unduly burden the South Carolina court.").

In considering the interests of justice, this Court also looks to achieving a prompt resolution of the case. *See Fannin v. Jones*, 229 F.2d 368, 369 (6th Cir. 1956) ("A prompt trial, however, is not without relevance to the convenience of the parties and witnesses and the interests of justice.").  In this case, the action has been pending on this Court's docket since March 2009 and is currently set for trial in February 2010. [Doc. 56.]  In addition, the parties have filed no fewer than ten contested motions—including pending motions for summary judgment and class certification—requiring some depth of familiarity with this Court's prior substantive and procedural rulings.  Thus, transferring this case to a court unfamiliar with the facts and applicable law would only lead to further unnecessary delay of this matter.

Moreover, the mere fact that the Plaintiff now emphasizes Michigan as the locus of the operative facts in this case does not compel transfer.  In her Amended Complaint, the Plaintiff makes both general claims regarding the Defendants' advertising and representations as well as specific claims regarding her experience with the procedure in Ohio.  Although the Defendants contend that the Plaintiff has since sharply changed direction, [Doc. 131 at 3], her assertions in one motion simply

-8-

Case No. 1:09-cv-511
Gwin, J.

do not transforms this litigation in the manner Defendants' suggest. From the outset, the Plaintiff has maintained that the Defendants' advertising was fraudulent and became part of her contract. [Doc. 1-1.] The Defendants can hardly claim surprise when the Plaintiff has merely discovered what the Defendants themselves already knew: that these advertisements and other materials were reviewed and stored in Michigan. [Doc. 99-1 at 9.]

Accordingly, the interests of justice strongly disfavor transfer of this case.

In summary, convenience factors weigh only slightly if at all in favor of transferring this case while the interests of justice weigh strongly against transfer. Moreover, taking into consideration the unique facts and procedural posture of this case as a whole, the Court finds transfer unwarranted.

### IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendants' motion to transfer venue.

IT IS SO ORDERED.


Dated: December 30, 2009            s/        *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE